NEHEMIAH FAUCHER

*v.*

THOMAS TUTEWILLER *et al.*

1. SURVEY—*disputed lines—construction of order for.* Where the court, on a petition for the appointment of a commission of surveyors, found that there was a dispute as to a part of a section line, and appointed surveyors, and ordered them to "establish" the line in dispute: *Held,* that

this did not authorize the surveyors to establish the line arbitrarily, without regard to the line of the government survey, but they were to find and establish the line as run by the government.

2.  Where the court ordering such survey described the disputed line, which was a section line, as commencing at a certain corner of a quarter and ending at a corner of another quarter section of land, it was *held*, that this did not fix the line for the surveyors, as they were to find where such corners were.  Under such order the surveyors were at liberty to survey whatever lines might be necessary, in order to find and establish the true line of the one in dispute.

3.  SAME—*judgment for costs*.  Where the proceeding for settling a disputed line was commenced against three defendants, and the court found that one of the defendants was not interested in the line, it was proper to enter judgment for costs against those of the parties who were interested.

APPEAL from the Circuit Court of Cumberland county.

This was a petition, filed by Thomas Tutewiller, Edwin Mattoon, Philander Northway, Martha A. Walthrup, Harlow Park and William H. Rissler, against Nehemiah Faucher, Henry D. Faucher and Walter N. Ruffner, asking for the appointment of commissioners to settle and establish a line in dispute.  The court approved the surveyors' report, from which order Nehemiah Faucher appealed.

Messrs. T. D. & D. S. McINTYRE, for the appellant.

Mr. H. B. DECIUS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding, under the statute of 1869, to establish a line in dispute between the owners of adjacent tracts of land.

The petition represented that the petitioners were owners of lands in sections 32 and 33, in township 10, range 10, which lie along the line dividing said sections from sections 4 and 5, in township 9, range 10, all in Cumberland county, in this State, and that Nehemiah Faucher, Henry Faucher, and Walter N. Ruffner were the owners of the adjacent lands

on the other side of the line; that the corners and boundary lines between petitioners and the defendants were lost or destroyed, and were in dispute between them, and praying for the appointment of a commission of surveyors to make survey of and to permanently establish said corners and boundaries.

The circuit court found that the line was in dispute; that Nehemiah Faucher and Walter N. Ruffner were the owners of the land on one side of the disputed line and the petitioners on the other, and appointed a commission of surveyors to make survey of and establish the line in dispute, as follows, to-wit: commencing at the south-east corner of section 33, and running west to the south-west corner of section 32, in township 10, range 10 east, dividing the above described sections of land from sections 5 and 4, in township 9, range 10 east, all in Cumberland county, Illinois. At a subsequent term, the commission of surveyors made a report of their survey, accompanied by a plat thereof. The appellant, Nehemiah Faucher, filed his exceptions to the report, and, upon hearing the evidence submitted, the court approved and confirmed the report.

This is substantially all that the record brought here shows. Neither the evidence submitted on the hearing of the petition or on approving of the report under the objections filed, is preserved in the record.

Exception is taken by appellant to the use of the word "establish," in the order of the court, as though that authorized the commission to establish for themselves, and upon their own judgment, a line dividing the lands, without regard to the line of the government survey; whereas, under this proceeding, it is only original corners and boundaries which are to be *re*-established. The word "establish" is that used by the statute in prescribing the notice to be given of the application for the appointment of the commission, it being "to make survey of and to permanently establish said corners and boundaries." We do not consider it the proper construction of this order that it authorized the commission to

establish a line of their own, irrespective of that established by the government. It was the section line they were ordered to find and establish—that is, the line run by the government surveyors. There is no force in this objection.

It is again objected, that the commission were ordered to run but one line, and that they were directed to commence and conclude at a disputed point. We do not so view the judgment of the court. The commissioners were not ordered to make an arbitrary or a new line, but to find and re-establish the section line; and the court, in describing the line to be surveyed, describes it as beginning at the south-east corner of section 33, and running west to the south-west corner of section 32. The court gave no information as to where those corners were, but left it with the surveyors to find them. The line to be found and located was the section line. That line the commissioners were directed to survey, and, of course, they were authorized, under the judgment of the court, to survey whatever lines should be necessary, in order to find and establish the true line which they were ordered to establish. The report of the commissioners shows that their commencing point was an original corner, and at which point the line in dispute commenced.

Objection is taken that the proceeding was instituted against three persons, viz: Nehemiah Faucher, Walter N. Ruffner, and Henry D. Faucher, but that judgment is against two only : Nehemiah Faucher and Walter N. Ruffner.

The court found, upon the hearing, that of the defendants in the court below, Nehemiah Faucher and Walter Ruffner alone were interested in the line, therefore it was proper to enter judgment against them alone.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*